**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10222 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-01073-FRZ |
| v. | |
| LUIS FERNANDO VARGAS-CANELA, a.k.a. Luis Ferando Vargas-Canela, a.k.a. Luis Fernado Vargas-Canela, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Luis Fernando Vargas-Canela appeals from the 36-month sentence imposed

following his guilty-plea conviction for reentry after deportation, in violation of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vargas-Canela first contends that the district court procedurally erred by failing to calculate properly the advisory Guidelines range. Specifically, he argues that the court erred in failing to depart on the basis of the relatively minor nature of his prior conviction. This argument fails because the court correctly calculated the pre-departure Guidelines range and varied downward in light of the nature of Vargas-Canela's prior offense and other mitigating factors.

Vargas-Canela also contends that the district court erred in calculating the Guidelines range because it should have awarded him a third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b). This argument is without merit because Vargas-Canela has not shown that the government's refusal to move for the third point was arbitrary or based on an unconstitutional motive. *See United States v. Johnson*, 581 F.3d 994, 1001 (9th Cir. 2009).

Vargas-Canela next contends that the district court failed adequately to explain the sentence. The record belies this contention, as well as his contention that the court did not appreciate its discretion to vary from the Guidelines on policy grounds.

Finally, Vargas-Canela contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the sentencing

factors set forth in 18 U.S.C. § 3553(a), the sentence substantially below the advisory Guidelines range is not substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**